IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HELENE TONIQUE WILLIAMS, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL MADIGAN; THE PEOPLE OF THE )<br>STATE OF ILLINOIS, ILLINOIS HOUSE OF )<br>REPRESENTATIVES; THE PEOPLE OF THE )<br>UNITED STATES OF AMERICA, UNITED )<br>STATES HOUSE OF REPRESENTATIVES, )<br>)<br>   Defendants. ) | Case No. 20-3184 |

OPINION

RICHARD MILLS, United States District Judge:

Helene Tonique Williams has filed a *Pro Se* Complaint asserting claims against Michael Madigan, former Speaker of the Illinois House of Representatives; the People of the State of Illinois—Illinois House of Representatives; and the People of the United States of America—United States House of Representatives.

Pending is Defendant Madigan's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

I. BACKGROUND

In her Complaint, the Plaintiff invokes jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3) and/or 42 U.S.C. § 1983.  The Plaintiff alleges that for the

1

past 35 years, she has lived in Cook County, Illinois, where the Defendants have "failed to intervene to protect plaintiff from violation of her civil rights by one or more defendants" and "conspired together to violate one or more" of her civil rights. The Plaintiff alleges Defendant Madigan has "participated in the denial of civil rights" due to Plaintiff's status as a former foster child and that he used her identity for "contraband." The Plaintiff goes on to allege she has suffered from identity theft, held hostage, and denied equal citizenship and human rights "due to being a [sic] aged out ex-foster care child[.]"

The Plaintiff further alleges she was denied the right to know her biological family members but does not say who denied her that right or how that denial violated her constitutional rights. The Plaintiff claims her biological mother's home was burned down and that her biological mother could have died in the fire, but does not say who was responsible for the fire, how the situation relates to any of the Defendants, or how the fire and death constitute constitutional violations.

The Complaint references an "illegal adoption which was suppose [sic] to be co-parenting." It is unclear how the adoption was illegal, who was responsible for the adoption, whether any of the Defendants were involved and how the alleged illegality of the adoption amounted to a constitutional violation.

The Plaintiff proceeds to allege that the "people of the United States of America" have seemed to take advantage of her on a federal level, thus violating

Plaintiff's "civil, human, equal, and constitutional rights." The Plaintiff asserts that, because of the Defendants' conduct, her "citizenship is being used to share with other people/identity theft/contraband [*sic*]," she does not know whether her family members were murdered, and she is being treated as a third-class citizen.

The Plaintiff seeks $35 million in damages to compensate her for emotional harm, pain and suffering, loss of income, and loss of enjoyment of life. The Plaintiff's Complaint offers no allegations of lost income.

## II. DISCUSSION

Legal standard

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal of a claim for lack of subject matter jurisdiction.

In considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all the facts alleged in the complaint and draws all reasonable inferences therefrom. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). "[A] complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis." *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal quotation marks omitted). Courts must consider whether the complaint states a "plausible" claim for relief. *See id.* The complaint must do more than assert a right to relief that is "speculative." *See id.*

B. Analysis

Upon reviewing the Complaint, the Court finds that it violates Rule 8(a) of the Federal Rules of Civil Procedure in that it fails to put Defendant Madigan on notice as to what the claims are and the grounds upon which they rest. The Complaint consists of a number of grievances that have no apparent connection to any of the Defendants. To the extent that Plaintiff brings her claims against Defendant Madigan in his official capacity as Speaker of the Illinois House of Representatives, her claims are barred by the Eleventh Amendment.[1] Additionally, to the extent that Plaintiff brings her claims against Defendant Madigan in his individual capacity, her claims fail because she has failed to allege a constitutional violation or Defendant Madigan's personal involvement in the deprivation of her rights. To the extent that Plaintiff brings her claims against Defendant Madigan for his legislative activity, Defendant Madigan is entitled to legislative immunity. Because "legislators acting within the sphere of legitimate legislative activity should be protected not only from the consequences of litigation's results but also from the burden of defending themselves," *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 503 (1975), the members of the United States House of Representatives and the Illinois House of Representatives have absolute legislative

---

[1] It is not clear whether the claims are asserted against the former Speaker in his official capacity. If so, Defendant Madigan's successor as Speaker, Emanuel Chris Welch, would be substituted as a party under Federal Rule of Civil Procedure 25(d).

immunity from suits seeking damages for legislative activity. The Plaintiff cannot invoke jurisdiction under 28 U.S.C. § 1331 because she has not presented a federal question or alleged a constitutional violation. Finally, the Plaintiff cannot invoke jurisdiction under 28 U.S.C. § 1343(a)(3), as that statute "covers only civil rights claims against state actors and has had no legal effect since 1976, when Congress amended § 1331 to eliminate any amount-in-controversy requirement." *Myles v. United States*, 416 F.3d 551, 554 (7th Cir. 2005).

Because the Plaintiff has failed to allege any claims which arise "under the Constitution, laws or treaties of the United States," the Court will dismiss the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1). Even assuming the Plaintiff has established subject matter jurisdiction, the Plaintiff has failed to allege details which are sufficient to provide the Defendants with fair notice as to the basis of the claim under Rule 8(a)(2). Therefore, dismissal is appropriate under Rule 12(b)(6) if the Court has jurisdiction over the subject matter.

The Plaintiff has also filed a Motion for leave to amend her Complaint. While the purported Complaint names a number of new Defendants, the allegations therein suffer from the same defects as the original Complaint. Accordingly, the Court finds that amendment would be futile.

Ergo, the Motion to Dismiss of Defendant Michael Madigan for lack of subject matter jurisdiction [d/e 10] is GRANTED.

The Court sua sponte DISMISSES the Complaint to the extent any claims are directed at other Defendants named in the Complaint.

The Plaintiff's Motion for Leave to Amend the Complaint [d/e 36] is DENIED.

The Clerk will terminate any other pending motions and enter Judgment.

ENTER: April 27, 2022

    FOR THE COURT:

                      /s/ *Richard Mills*
                      Richard Mills
                      United States District Judge